# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE

**RICHARD ALLEN**                                                                                   **PETITIONER**

**v.**                                                  **CIVIL ACTION NO. 3:14-CV-P276-H**

**CLARK TAYLOR, WARDEN**                                                **RESPONDENT**

## MEMORANDUM OPINION

Petitioner, Richard Allen, filed this action pursuant to 28 U.S.C. § 2254, seeking a writ of habeas corpus (DN 1). On preliminary consideration under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court directed Petitioner to show cause why his petition should not be denied and his action dismissed as untimely. Petitioner has filed his response. For the following reasons, the Court finds his petition time-barred.

Petitioner was convicted on March 30, 2001, of first-degree rape, sodomy, and sexual abuse. He was sentenced to 75 years in prison. He appealed his conviction to the Kentucky Court of Appeals and the Kentucky Supreme Court, which affirmed. His petition for writ of certiorari to the United States Supreme Court was denied on October 6, 2003.[1] Petitioner states that he filed a RCr 11.42 motion in Jefferson Circuit Court in June 2004. The Jefferson County Circuit Court denied that motion on November 21, 2008. He filed an appeal on August 24, 2009. He also filed a CR 60.02 motion in Jefferson Circuit Court on March 30, 2009. That motion was denied on August 12, 2010. He filed an appeal on August 2, 2011. *See Allen v. Commonwealth*, 2011-CA-1405 (kycourts.net). The Kentucky Court of Appeals denied that appeal on June 6,

---

[1] The petition indicates that Petitioner is not sure of the date of that denial, but a review of Westlaw reveals that his petition was denied on October 6, 2003. *See Allen v. Kentucky*, 540 U.S. 922 (2003).

2012. He filed the petition in this action on March 26, 2014.[1]

Because the petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the provisions of the AEDPA apply. *Washington v. Hofbauer*, 228 F.3d 689, 698 (6th Cir. 2000). The AEDPA sets forth a statute of limitations for state prisoners seeking release from custody. The statute provides as follows:

> (d)(1) -- A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) and (2).

---

[1] Under the mailbox rule, the petition is deemed filed when presented to prison officials for mailing. *Miller v. Collins,* 305 F.3d 491, 497-98 (6th Cir. 2002) (citing *Houston v. Lack*, 487 U.S. 266 (1988)). His petition, however, does not indicate what date he presented the petition to prison officials for mailing.

Here, the date which begins the running of the one-year limitations period is the date Petitioner's conviction became final. Petitioner's conviction became final on October 6, 2003, when the United States Supreme Court denied his petition for writ of certiorari. *See Keenan v. Bagley*, 400 F.3d 417, 420 (6th Cir. 2005) (holding that the one-year statute of limitations in 28 U.S.C. § 2244(d)(1) began to run on "the date the United States Supreme Court denied certiorari and [the habeas petitioner's] conviction became 'final' under the statute"); *Beard v. Banks*, 542 U.S. 406, 411 (2004).

Thus, Petitioner had until October 6, 2004, to file his habeas petition unless there was a time-tolling collateral attack pending in state court. *See* 28 U.S.C. § 2244(d)(2); *Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001). Petitioner states that he filed his RCr 11.42 motion in June 2004. The Court will assume for purposes of this memorandum that it was filed on June 1, 2004. At that point 239 days of the one-year period had run. His RCr 11.42 motion was denied on November 21, 2008, at which point the one-year period began running again. On March 30, 2009, after another 129 days had run, Petitioner filed a CR 60.02 motion. His CR 60.02 motion was denied on August 12, 2010. However, before then, on August 24, 2009, he had filed an appeal of his RCr 11.42 denial. The RCr 11.42 appeal was denied on October 26, 2010. At this point in time, Petitioner had no pending state-court collateral attacks. On August 2, 2011, 280 days later, Petitioner filed a belated appeal of his CR 60.02 motion. That belated appeal was denied on June 6, 2012. Even assuming that the limitations period was tolled for the entire period between June 1, 2004, and June 6, 2012, the one-year limitations period ran on October 10, 2012. Petitioner's § 2254 petition was received in this Court on March 26, 2014.

3

Thus, the instant § 2254 petition is time-barred.[2]

Petitioner's response to the show-cause order seems to argue that his petition is not time-barred because the Supreme Court decision in *McQuiggins v. Perkins*, ___ U.S. ___, 133 S. Ct. 1924 (2013), and other Supreme Court cases now give Petitioner a gateway through which he can argue the merits of his actual innocence claim. However, "[a] petitioner does not meet the threshold requirement [for establishing actual innocence] unless he persuades the district court that, in light of new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *McQuiggins v. Perkins*, 133 S. Ct. at 1928. To make out a credible claim of actual innocence, Petitioner is required to support his allegations of federal constitutional error with "new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). Without any new reliable evidence and facts showing actual innocence, even the existence of a meritorious claim of a federal constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a habeas claim that is time-barred by the statute of limitations. *Id.* at 316. Here, Petitioner has not done so. Consequently, the Court will, by separate Order, dismiss the instant petition as time-barred.

## CERTIFICATE OF APPEALABILITY

An individual who unsuccessfully petitions for writ of habeas corpus in a federal district court and subsequently seeks appellate review must secure a certificate of appealability (COA)

---

[2] Once the limitations period is expired, collateral petitions no longer serve to avoid a statute of limitations. *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003).

from either "a circuit justice or judge" before the appellate court may review the appeal. 28 U.S.C. § 2253(c)(1). A COA may not issue unless "the applicant has made a substantial showing of the denial of a constitutional right." § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483 (2000).

When a district court denies such a motion on procedural grounds without addressing the merits of the petition, a COA should issue if the petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

When a plain procedural bar is present and a court is correct to invoke it to dispose of the matter, a reasonable jurist could not conclude either that the court erred in dismissing the petition or that the petitioner should be allowed to proceed further. *Id.* In such a case, no appeal is warranted. *Id.* The Court is satisfied that no jurist of reason could find its procedural ruling in this case to be debatable. Thus, no certificate of appealability is warranted in this case.

Date:

cc: Petitioner, *pro se*
    Respondent
    Attorney General, Commonwealth of Kentucky, Office of Criminal Appeals,
      1024 Capital Center Drive, Frankfort, KY 40601
4412.009